UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

WENDELL SANTA MARINA                    CIVIL ACTION

VERSUS                                  NO. 10-0784

MARLIN GUSMAN, ET AL                    SECTION "A"(5)

REPORT AND RECOMMENDATION

In this pro se and in forma pauperis action filed pursuant to 42 U.S.C. §1983, plaintiff, Wendell Santa Marina, housed in Orleans Parish Prison ("OPP") at the time he filed this action, complains about the living conditions in OPP.[1] Plaintiff has named as defendants Orleans Parish Criminal Sheriff Marlin Gusman, the Louisiana Department of Public Safety and Corrections ("DOC"), and the United States Department of Justice.

Plaintiff asserts that the OPP building where he was housed at the time he filed the instant action should be "condemned" due to following: overcrowded living conditions, non-working toilets, sinks that emit a foul odor, "mildew, chipped paint and rust

---

[1]Plaintiff has since been transferred to Phelps Correctional Center ("Phelps"), a Louisiana Department of Public Safety and Corrections facility.

everywhere", "broken out windows all over", meals served in filthy cells with nowhere to sit, no access to a law library or rehabilitation programs and lack of adequate and competent staffing. Plaintiff complains that his civil rights have been violated as a result of his having to live in the above-described conditions. In relief, plaintiff seeks monetary damages in the amount of $250,000 and seeks an order from this court directing that he be transferred to a "DOC" facility and that the "United States Dept. of Justice" inspect the OPP building where he was housed.[2]

This matter is before the court pursuant to a motion to dismiss (rec. doc. 13) filed on behalf of the Louisiana Department of Public Safety and Corrections. For the following reasons, it is **HEREBY RECOMMENDED** that the instant motion to dismiss be **GRANTED**.

In evaluating a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court must construe a plaintiff's complaint liberally and must accept all facts pleaded in the complaint as true. Shipp v. McMahon, 199 F.3d 256, 260 (5th Cir. 2000), citing Campbell v. Wells Fargo Bank, 781 F.2d 440, 442 (5th Cir.), cert. denied, 476 U.S. 1159 (1986). A complaint may not be dismissed under Rule 12(b)(6) ". . . 'unless it appears beyond

---

[2] Plaintiff's request to be transferred to a DOC facility has been rendered moot by virtue of his transfer to Phelps.

doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Id., quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

Section 1983 imposes liability on any "person" who violates another's constitutional rights while acting under color of state law. 42 U.S.C. §1983; see Will v. Michigan Dept. Of State Police, 491 U.S. 58 (1989). Neither states nor their agencies, in this case, the Louisiana Department of Public Safety and Corrections, are persons under §1983. Biagas v. CSP-Sacramento, 2007 WL 1452799, *2 (E.D. Cal. May 15, 2007), citing Will v. Michigan Dept. Of State Police, 491 U.S. 58, 71 (1989).

In his traverse (rec. doc. 16), plaintiff asserts that he failed to name the proper defendant. According to plaintiff, because he "was housed in the Orleans Parish Prison . . . under the custody and care of James Leblanc, Secretary of the Louisiana Department of Public Safety and Correction", he properly should have named James Leblanc as a party defendant. Plaintiff requests that he be allowed to "substitute" James Leblanc for the Louisiana Department of Public Safety and Corrections as a party defendant.

Contrary to plaintiff's suggestion, there is no legal basis to hold Secretary Leblanc liable for the conditions of his confinement within OPP. As the court explained in Galo v. Blanco, 2006 WL 2860851, *2-3 (E.D. La. Oct. 4, 2006) (citations omitted),

3

"the sheriff is responsible for the day-to-day operation of the prison . . . . The sheriff's office . . . controls the inmates of the jail, the employees of the jail, and the daily management and operation of the jail."  Accordingly, the Secretary of the Louisiana Department of Public Safety and Corrections "cannot be held legally responsible for the conditions within [OPP] . . . ."  Id. at *3.

Accordingly;

**RECOMMENDATION**

It is hereby **RECOMMENDED** that the motion to dismiss filed on behalf of the Louisiana Department of Public Safety and Corrections be **GRANTED** and that plaintiff's request that Secretary James Leblanc be substituted as a party defendant for the Louisiana Department of Public Safety and Corrections be **DENIED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. §636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415,

1430 (5th Cir. 1996)(<u>en banc</u>).[3]

New Orleans, Louisiana, this __5th__ day of __August__, 2010.

                                                        ALMA L. CHASEZ  
                                  UNITED STATES MAGISTRATE JUDGE

---

[3] <u>Douglass</u> referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to fourteen days.

5