UNITED STATES DISTRICT COURT
                      EASTERN DISTRICT OF LOUISIANA

WENDELL SANTA MARINA                                  CIVIL ACTION

VERSUS                                                NO. 10-0784

MARLIN GUSMAN, <u>ET</u> <u>AL</u>                                SECTION "A"(5)


                      <u>REPORT AND RECOMMENDATION</u>

     In this <u>pro</u> <u>se</u> and <u>in</u> <u>forma</u> <u>pauperis</u> action filed pursuant to 42 U.S.C. §1983, plaintiff, Wendell Santa Marina, housed in Orleans Parish Prison ("OPP") at the time he filed this action, complains about the living conditions in OPP.[1]  The remaining defendants in this matter are the United States Department of Justice and Orleans Parish Sheriff Marlin Gusman.[2]

     Plaintiff asserts that the OPP building where he was housed at the time he filed the instant action should be "condemned" due to following: overcrowded living conditions, non-working toilets, sinks that emit a foul odor, "mildew, chipped paint and rust

---

[1] Plaintiff has since been transferred to Phelps Correctional Center ("Phelps"), a Louisiana Department of Public Safety and Corrections facility.

[2] The Louisiana Department of Public Safety and Corrections was earlier dismissed as a party defendant.  Rec. doc. 20.

everywhere", "broken out windows all over", meals served in filthy cells with nowhere to sit, no access to a law library or rehabilitation programs and lack of adequate and competent staffing.  Plaintiff complains that his civil rights have been violated as a result of his having to live in the above-described conditions.  In relief, plaintiff seeks monetary damages in the amount of $250,000 and seeks an order from this court directing that he be transferred to a "DOC" facility and that the "United States Dept. of Justice" inspect the OPP building where he was housed.[3]  For the following reasons, the undersigned recommends that plaintiff's claims against the remaining defendants, the United States Department of Justice and Orleans Parish Sheriff Marlin Gusman, be dismissed.

**UNITED STATES DEPARTMENT OF JUSTICE**

Defendant, the United States Department of Justice, has filed with this court a motion to dismiss (rec. doc. 22).  Plaintiff has filed no opposition to defendant's motion to dismiss.

In evaluating a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court must construe a plaintiff's complaint liberally and must accept all facts pleaded in the complaint as true.  Shipp v. McMahon, 199 F.3d 256, 260 (5th

---

[3] Plaintiff's request to be transferred to a DOC facility has been rendered moot by virtue of his transfer to Phelps.

Cir. 2000), citing Campbell v. Wells Fargo Bank, 781 F.2d 440, 442 (5th Cir.), cert. denied, 476 U.S. 1159 (1986).  A complaint may not be dismissed under Rule 12(b)(6) ". . . 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Id., quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

Section 1983 imposes liability on any person who violates another's constitutional rights while acting under color of state law.  42 U.S.C. §1983; see Will v. Michigan Dept. Of State Police, 491 U.S. 58 (1989).  Any alleged actions on the part of personnel associated with the United States Department of Justice would be taken while acting under color of federal law, not state law. Accordingly, plaintiff cannot state a claim for relief under 42 U.S.C. §1983 against the United States Department of Justice.  See Duncan v. Goedeke and Cleasey, 837 F.Supp. 846, 849 (S.D. Tex. 1993) (citing Davis v. United States, 439 F.2d 1118, 1119 (8th Cir. 1971); Monarch Ins. Co. v. District of Columbia, 353 F.Supp. 1249, 1252 (D.D.C. 1973), aff'd, 497 F.2d 684 (D.C. Cir.), cert. denied, 419 U.S. 1021, 95 S.Ct. 497, 42 L.Ed.2d 295 (1974)).

One may seek redress against a person who violates his constitutional rights while acting under color of federal law by filing a Bivens action.  See Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971).  A Bivens action is "the federal analog to

suits brought against state officials under . . . 42 U.S.C. §1983." Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1948 (2009) (internal quotation omitted) (citation omitted); see also Van Strum v. Lawn, 940 F.2d 406, 409 (9th Cir. 1991) ("Actions under §1983 and those under Bivens are identical save for the replacement of a state actor under §1983 by a federal actor under Bivens."). However, even if plaintiff had properly filed a Bivens action rather than a §1983 action, he would not be entitled to relief against the United States Department of Justice. As with a §1983 action which offers relief only in connection with claims against a State actor as opposed to a State agency, a Bivens action only affords relief in connection with claims against a federal actor as opposed to a federal agency such as the United States Department of Justice. Wilkie v. Robbins, 551 U.S. 537, 550 (2007) (citing FDIC v. Meyer, 510 U.S. 471 (1994)) ("We have seen no case for extending Bivens to claims against federal agencies").

**ORLEANS PARISH SHERIFF MARLIN GUSMAN**

An in forma pauperis complaint may be dismissed if it is determined that the allegation of poverty is untrue, or if the action or appeal is frivolous, malicious, fails to state a claim for which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §1915(e)(2). The court has broad discretion in determining the

frivolous nature of the complaint.  See Cay v. Estelle, 789 F.2d 318 (5th Cir. 1986), modified on other grounds by Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993).  In doing so, the court has ". . . not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); see also Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).  Thus, a complaint is frivolous "if it lacks an arguable basis in law or fact."  Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994) (citation omitted); Booker, 2 F.3d at 116.

   The only individual or actor named as a party defendant in this matter is Orleans Parish Sheriff Marlin Gusman.  However, a state actor generally may be liable under §1983 only if he "was personally involved in the acts allegedly causing the deprivation of constitutional rights or that a causal connection exists between an act of the official and the alleged constitutional violation." Douthit v. Jones, 641 F. 2d 345, 346 (5th Cir. 1981); see also Watson v. Interstate Fire & Casualty Co., 611 F. 2d 120 (5th Cir. 1980).  Respondeat superior is not a legal theory under which liability can be visited on Orleans Parish Sheriff Marlin Gusman. Monell v. New York City Dept. of Soc. Serv., 436 U.S. 658, 690-91

(1978). Plaintiff does not contend and there is no evidence to suggest that Sheriff Gusman was personally involved in or played a role with respect to the conditions described by plaintiff. Nor does plaintiff contend that the intolerable conditions were in accordance with an unconstitutional policy promulgated by Sheriff Gusman or was the result of Gusman's gross negligence in failing to properly supervise employees working in Orleans Parish Prison.

Accordingly;

## RECOMMENDATION

It is hereby **RECOMMENDED** that the motion to dismiss filed on behalf of the United States Department of Justice be **GRANTED** and that plaintiff's claims against the United States Department of Justice be **DISMISSED WITH PREJUDICE.**

It is further **RECOMMENDED** that plaintiff's claims against Orleans Parish Sheriff Marlin Gusman be **DISMISSED WITH PREJUDICE** as legally frivolous and/or for failure to state a claim.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district

court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. §636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996)(en banc).[4]

New Orleans, Louisiana, this __28th__ day of __October__, 2010.

                              ALMA L. CHASEZ
                              UNITED STATES MAGISTRATE JUDGE

---

[4] Douglass referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to fourteen days.